Nash, J.
 

 John Sater died in the year , possessed of considerable real and personal property, having previously made his last will and testament, duly executed to pass real estate, and which has been admitted to probate. By his will, he devised to his wife, Sarah Sater, the whole of his property, real and personal, during her life, and bequeaths to his daughters, at her death, as follows: “ After my wife’s death,
 
 *423
 
 it is my will and desire, that the residue of my property, except my lands, be equally divided among my daughters, to wit, Nancy McBride, Discretion Hedgespeth, and Malinda Kelly.” He further gives power to his wife, Sarah, to give or make any distribution of the furniture, that she may think proper. The will, then, proceeds : “After the death of my wife, as aforesaid, it is further my will and desire, if there should not be property and effects, exclusive of the lands,sufficient to make to the amount of $370, each, that my son Henry payout of his portion, what will be sufficient for the purpose.” He then divides his lands between his sons, Joseph and Henry, giving to the latter much the larger portion. Sarah Sater is dead. The bill is filed to make the legacies out ■of the land devised to Henry Sater, alleging the exhaustion of the personal property during the life of Mrs. Sater. It prays a decree to subject the land in the hands of the defendants, Puryear and Edmonson, who, it alleges, are purchasers from Henry Sater, with full knowledge of their equity.
 

 The defendants, Puryear and Edmonson, in their several answers, admit the allegations of the bill, as to the devise to Henry Sater, and the legacies to the three daughters, but deny that the latter are charged on the land ; and aver that they are personal liabilities of Henry Sater. But, if such a charge did exist under the will, that the land was liable only in the event, the personal property should prove insufficient, and they allege that the plaintiffs did receive out of that property, during the life-time of Sarah Sater, the full amount of their legacies, and, if they did not, enough was left at her death to satisfy them, or that the property was wasted during the lifetime of Mrs. Sater, and it was their duty to take care it was not so wasted. The answer states further, that an execution was in the hands of the sheriff of Surry, against Henry Safer, which was levied on his interest in the land, and, at the sale, the defendant Puryear, as the agent of the defendant Edmonson, purchased it, and that the deed was made to the latter, and that, at the time of their purchase, they knew the contents of the will. Upon the coming in of the answers,
 
 *424
 
 was taken, and the cause was set for hearing, and court for hearing. Before the cause was transferred here, by consent of the parties, a reference was made to the master, to ascertain, 1st, the amount of the assets in the hands of Zachariah Williams, the administrator of Sarah Sater. 2nd ; the amount paid to the several complainants for their legacies; and 3d, whether the assets had been wasted by Mrs. Sater. The master made a report upon these several matters, to which the defendants have filed two exceptions. It is not necessary to say any thing as to the first, Nancy McBride never having been a party to the suit. She died before the bill was filed, as appears from the evidence, and her representative, if she has any, is not before the court. The 2nd exception is allowed. Upon an examination of the testimony, we are satisfied, that Mrs. Kelly received the full amount of her legacy out of the property, during the life of Mrs. Sarah Sater. The master reported that there was no evidence of any waste committed by Sarah Sater, and that the amount of assetts in the hands of her administrator, was $150. These items in the master’s report are not excepted to, and the report, as to them, was confirmed, and by the court a decree was made, declaring that this sum of $150, in the hands of Zachariah Williams, was assetts of John Sater, and liable to the payment of the legacies before the land. Such ivas the decree of the court below, with which we do not interfere. The master further reported, that, of her legacy. Discretion Hedgespeth had received the sum of $50, to which the defendants do not except.
 

 The primary fund, provided by the testator for the payment of' the legacies, being exhaused, except the sum of one hundred and fifty dollars, in the hands of Zachariah Williams, the administrator of Sarah Sater, we are of opinion that the laud devised to Henry Sater is liable to make up to the legatees, what may remain due to them.
 

 It was the testator’s object, that his daughters, Mrs. McBride, Mrs. Kelly, and Mrs. Hedgespeth, should each, after the death of his wife, receive the sum of three hundred and seventy
 
 *425
 
 dollars. After giving the whole of his property, real and sonal, to his wife during her life, he proceeds to make the bequests, giving that sum to each of them, to be paid out of the personal property of his, which should remain at the death of his wife. Apprehensive however, that a sufficiency for that purpose might not remain, and anxious to secure to them his bounty, he provides another fund, to wit, the land devised to Henry. His words are, “if there should not be property and effects, (exclusive of the land) to make equal, &c.” then, “that my son Henry pay out of his portion, &e.” These words contain an express charge upon the land devised to Henry, to pay the legacies, as much so, as if he had used the word “charge” in the event of a deficiency of personal assetts.
 

 The auswers of the defendants, Puryear and Edmonson, admit, that the land was purchased by them at a sale made by the Sheriff of Surry, under an execution against Henry Safer; they then hold it, as he did, subject to this charge. They allege that the land ought not to be held liable now, for the reason, that the personal assetts, at the death of Mrs. Sater, were sufficient to discharge the legacies, and that the complainants either were paid out of them or might have been, and that the assetts were wasted during Sarah Sater’s life estate. The only assetts found remaining, by the master’s report, after Sarah Sater’s death, were to the amount of $150 ; to this part .of the report, the defendants did not except, and we have no evidence that the assetts of the testator were wasted by Mrs. Safer. On the contrary, the evidence shews she was a prudent, careful woman, and survived her husband ten years.— The property was not large, and it is evident the testator calculated it might not hold out, but might be exhausted in maintaining her.
 

 -' The bill must be dismissed as to Milly Kelly, and Wake-man McBride and his wife Nancy. There must be a decree for Giles Hedgespeth and his wife Discretion, for the amount of their legacy, deducting the sum of $50 which they have already received, and, after the application of the sum of $150 in the hands of Zachariah Williams, administrator of
 
 *426
 
 Sarah Sater, and, heretofore by a decree of the Superior Court of Surry County, declared to be a fund for the payment of the legacies, the balance oí their legacies is declared to be] a charge upon the land devised to Henry Sater, in the hands of John B. Edmonson, in whom is the legal title. The Bill is dismissed as to Pnryear, with costs.
 

 Per Curiam, Decree accordingly.